# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| CARMEN GORRASI,<br>    Petitioner, | Case No. 1:12-cv-65 |
| vs. | Barrett, J.<br>Bowman, M.J. |
| WARDEN, PICKAWAY<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | **ORDER** |

This matter is before the Court on petitioner's motion to appoint counsel and motion to amend memorandum of error of law.  (Docs. 8, 13).

In his motion to appoint counsel, petitioner requests that counsel be provided because he "is a lay person with no special knowledge of the law, and is dependent upon advice of fellow prisoners."  (Doc. 8, p. 2).  Petitioner also seeks appointment of counsel because of his medical condition and limited access to legal materials.  *Id.* at 2-3.

On January 27, 2012, the undersigned issued an Order denying petitioner's prior motion for the appointment of counsel.  (Doc. 4).  As was noted in the prior Order, there is no constitutional right to counsel in a federal habeas corpus proceeding.  *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002).  Pursuant to 18 U.S.C. § 3006A, the Court may permit the appointment of counsel for any financially eligible person seeking relief under 28 U.S.C. § 2254 if "the interests of justice so require."  18 U.S.C. § 3006A(a)(2).  The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court.  *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986).  Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the petitioner's ability to investigate facts and present claims.  *Reese v. Fulcomer*, 946 F.2d 247, 264 (3d Cir. 1991).  Circuit courts have found

no abuse of a district court's discretion in failing to appoint counsel in a federal habeas corpus proceeding where no evidentiary hearing was required or the issues were straightforward and capable of resolution on the record. *Terrovona v. Kincheloe,* 912 F.2d 1176, 1177 (9th Cir. 1990); *Ferguson v. Jones,* 905 F.2d 211, 214 (8th Cir. 1990). *See also Reese,* 946 F.2d at 264. Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *See Swazo v. Wyoming Dept. of Corrections State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994); Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

For the same reasons stated in the Court's January 27, 2012 Order, petitioner's motion for appointment of counsel is denied. Contrary to petitioner's contention, the issues to be decided will be straightforward and capable of resolution on the record. In the single ground for relief presented in his habeas petition, petitioner contends that his robbery conviction was not supported by sufficient evidence. (Doc. 3, p. 5). Petitioner has provided exhibits in support of his petition, as well as four additional filings further clarifying and adding additional support for his claims. (*See* Docs. 9, 11, 13, 14). In the return of writ, respondent has also provided the Court with a full record of petitioner's state court proceedings including a transcript of his trial. (*See* Doc. 12). In light of the record before the Court, the undersigned is confident that the issues to be decided will be straightforward and capable of resolution on the record. Accordingly, petitioner's motion to appoint counsel is **DENIED**.

In his motion to amend memorandum of error of law, petitioner seeks to "add amplification of his argument on his existing petition before the Court." (Doc. 13, p. 1). Specifically, petitioner directs the Court to portions of the trial transcript and asks the court to

2

review the return of writ's suggestion that his habeas petition rests on a misapprehension of the law of complicity. (Doc. 13, p. 2). Respondent has not opposed the motion.[1]

Fed. R. Civ. P. 15, which governs pleading amendments in civil cases, is applicable to federal habeas corpus proceedings. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). The rule provides in relevant part that after a responsive pleading is served, a party may amend his pleading only by leave of court, which shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a). The factors that the Court should consider in determining whether to grant leave to amend include "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998) (quoting *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)).

After considering the above factors and for good cause shown, petitioner's motion to amend memorandum of error of law is **GRANTED**. (Doc. 13). Petitioner's filing will be considered in the Court's adjudication of petitioner's habeas petition.

Accordingly, in sum, petitioner's motion to appoint counsel is **DENIED** (Doc. 8) and his motion to amend memorandum of error of law is **GRANTED**. (Doc. 13).

**IT IS SO ORDERED.**

 *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[1] In the return of writ, respondent addressed petitioner's prior supplemental filings, noting that "[t]hese additional pleadings do not add a ground to Gorrasi's habeas petition but amplify his argument that there were never any charges of complicity and the state allegedly failed to prove the essential element of theft inside the robbery offense." (Doc. 12, p. 12).