# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

CARMEN GORRASI,
      Petitioner,

    vs

WARDEN, PICKAWAY
CORRECTIONAL INSTITUTION,
      Respondent.

Case No. 1:12-cv-65

Barrett, J.
Bowman, M.J.

**REPORT AND
RECOMMENDATION**

On October 18, 2012, respondent filed a Notice of Suggestion of Petitioner's Death informing the Court that petitioner Carmen Gorrasi has died. (Doc. 19).

A federal court does not have jurisdiction to consider a petition for a writ of habeas corpus following the death of the petitioner. *See, e.g., Griffey v. Lindsey,* 349 F.3d 1157 (9th Cir. 2003); *Hillman v. McCaughtry,* 14 F.3d 350, 350-51 (7th Cir. 1994) (per curiam); *Knapp v. Baker,* 509 F.2d 922 (5th Cir. 1975) (per curiam); *United States v. Fay,* 284 F.2d 301 (2d Cir. 1960); *Hann v. Hawk,* 205 F.2d 839 (8th Cir. 1953); *Hauptmann v. Wilentz,* 570 F. Supp. 351, 401 (D.N.J. 1983); *In re Kravitz,* 504 F. Supp. 43, 52 (M.D. Pa. 1980). The death of a petitioner renders the petition for habeas corpus moot. *Griffey*, 349 F.3d at 1157; *Hillman*, 14 F.3d at 350; *Knapp*, 509 F.2d at 922. Because Mr. Gorrasi has died, his petition for writ of habeas corpus is now moot and must be dismissed.

It is therefore **RECOMMENDED** that petitioner Carmen Gorrasi's petition for a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED** as moot.

Respondent's motion to dismiss for lack of prosecution (Doc. 17) should also be

**DISMISSED** as moot.

**IT IS SO RECOMMENDED.**

_s/ Stephanie K. Bowman_
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

CARMEN GORRASI,
     Petitioner,

   vs

WARDEN, PICKAWAY
CORRECTIONAL INSTITUTION,
     Respondent.

Case No. 1:12-cv-65

Barrett, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).